OPINION
Defendant, Keith E. Patterson, appeals his conviction and sentence for two counts of felonious assault, each carrying a firearm specification, and one count of having a weapon under disability.
On December 12, 1999, a grand jury indicted Keith E. Patterson on two counts of felonious assault, R.C. 2903.11(A)(2). Each count carried a firearm specification pursuant to R.C. 2929.14 and R.C. 2941.145. The grand jury also indicted Patterson on two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), each also carrying firearms specifications. Finally, Patterson was also indicted on one count of having a weapon while under disability, R.C. 2923.13(A)(2). Patterson entered a plea of not guilty to the charges.
The incident which led to the indictments occurred on October 9, 1999. The state presented the following evidence regarding the incident:
Willie Haynes testified that he left his home at around 9:00 p.m. to buy some marijuana. While he was walking down the street, Haynes was approached by Defendant Patterson, who was driving a green car. Patterson asked Haynes whether he had any marijuana to sell. Haynes told Patterson, whom he did not know, that he was looking to buy some marijuana himself. Haynes got into the passenger seat of the car, and the two men drove off.
Patterson and Haynes encountered Sean Dawson standing in a store parking lot. Haynes asked Dawson whether he had any marijuana to sell. Dawson said that he did, and got into the back seat of Patterson's car. Dawson passed forward three bags of marijuana, which Defendant Patterson took from him. Patterson then pulled out a gun that he had hidden on his person and pointed it at Haynes and Dawson.
When Patterson indicated that he intended to rob them, Haynes and Dawson gave him the money that they had. Dawson pleaded with Patterson not to shoot him, and Patterson told him to put his head down. Haynes placed his hands on the dash and his head between his knees, but Dawson kept pleading with Patterson. Patterson turned around to face Dawson in the back seat, and Dawson tried to push the gun away or grab it. Patterson fired the gun and hit Dawson in the upper left chest.
Upon hearing the gunshot, Haynes attempted to jump out of the car, but as he did Defendant Patterson shot Haynes in the upper thigh. Haynes rolled out of the car, got to his feet, and began to run away. Patterson got out of the car and fired another shot toward Dawson, which missed, and walked around to the other side of the car. Patterson pulled Dawson from the car, and left him in the street as he fled the scene. Persons who lived nearby testified that after they heard shots they saw Dawson pulled from the car, and then found him lying in a pool of blood on the street after the car drove off. Dawson is paralyzed as a result of his injuries.
The State also offered evidence that Patterson was convicted in 1992 of a felony and subsequently released on probation, and therefore was not permitted to carry a firearm., Defendant Patterson presented the following evidence:
Patterson admitted that he was engaged in a drug deal with Haynes and Dawson. Patterson testified, however, that he was selling marijuana to Haynes and Dawson when Haynes pulled out the gun to rob him. Patterson testified that he struggled with Haynes for the gun when it went off, hitting Dawson. Patterson stated that he gained possession of the gun after the first shot was fired. When Haynes attempted to exit the vehicle Patterson shot him in the upper thigh.
Patterson admits that he removed Dawson from the car and placed him on the street after the shots were fired, but he maintains that Dawson declined his offer to be taken to a hospital.
After hearing the testimony, the jury found Patterson guilty of both counts of felonious assault with the gun specifications, not guilty on both counts of aggravated robbery, and guilty of having a weapon while under disability.
On September 21, 2000, the trial court sentenced Patterson to an eight-year term for the first count of felonious assault which involved shooting Dawson, a consecutive six-year term for the second count of felonious assault, which involved shooting Haynes and a concurrent one-year sentence for having a weapon under disability. The court merged the two mandatory three-year sentences for the firearm specifications and ordered that the sentence be served prior to and consecutive to the other sentences. Finally, the court revoked Patterson's probation and re-imposed the original four to fifteen-year sentence, which is also to be served consecutive to his new sentences. All told, Patterson was sentenced to a twenty-one to thirty-two-year term of incarceration.
Patterson filed a timely notice of appeal. He presents nine assignments of error.
 SECOND ASSIGNMENT OF ERROR APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT (COUNT TWO, WILLIE R. HAYNES) IS BASED UPON INSUFFICIENT EVIDENCE.
 FIFTH ASSIGNMENT OR ERROR APPELLANT'S "GUN SPEC." FINDINGS ARE BASED UPON INSUFFICIENT EVIDENCE.
 SIXTH ASSIGNMENT OF ERROR APPELLANT'S "GUN SPEC." FINDINGS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 SEVENTH ASSIGNMENT OF ERROR APPELLANT'S CONVICTION FOR WEAPON UNDER DISABILITY IS BASED UPON INSUFFICIENT EVIDENCE.
 EIGHTH ASSIGNMENT OF ERROR APPELLANT'S CONVICTION FOR WEAPON UNDER DISABILITY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 NINTH ASSIGNMENT OF ERROR THE TRIAL COURT FAILED TO FOLLOW ALL SENTENCING STATUTES THEREBY RENDERING APPELLANT'S SENTENCE CONTRARY TO LAW.
App.R. 16(A) prescribes the form of brief which an appellant must file. Paragraph (3) requires a statement of the assignments of error presented for review. Paragraph (7) provides that the brief must also contain:
 An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
The contention and reason provisions of the rule together require an appellant to present a legal analysis, with citations to the authorities, statutes, and parts of the record relied on. An appellant may not substitute for that an invitation for the court to review the record to find support for the error he has assigned., Defendant-Appellant's assignments of error II, V, VI, VII, VIII and IX variously, ask us to do his job, by first assigning error and then inviting us to review the record to see whether error exists. This is wholly insufficient, and unacceptable. We decline the invitation. The respective assignments of error are overruled for Defendant-Appellant's failure to comply with App.R. 16(A)(7).
 FIRST ASSIGNMENT OF ERROR
APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT (COUNT ONE, SHAWN C. DAWSON) IS BASED UPON INSUFFICIENT EVIDENCE., Defendant does not explain how the evidence supporting his felonious assault conviction for shooting Dawson was insufficient, though he suggests that it was because the verdict was inconsistent with the jury's other verdicts acquitting him of aggravated robbery. Those are not compound offenses, so any alleged inconsistency in the verdicts is immaterial. State v. Washington (1998), 126 Ohio App.3d 264. More to the point, it is only when verdicts on compound offenses are inconsistent that a sufficiency of the evidence review is required. Id. Defendant cannot bootstrap a sufficiency review out of a claim that verdicts for offenses that are not compound offenses are inconsistent.
The first assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT (COUNT ONE, SHAWN C. DAWSON) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The jury's decision to acquit Defendant of aggravated robbery may be merely an exercise in leniency, inasmuch as his victims were engaged in illegal drug activity when Defendant allegedly robbed them. As for the alleged inconsistencies in the victim's statements to police, they concerned the drug deals, not the shooting, and were of a minor nature. There is no basis for this court to find that those witnesses were so lacking in credibility that Defendant's conviction for shooting Dawson is against the manifest weight of the evidence, as Defendant argues.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT (COUNT TWO, WILLIE R. HAYNES) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The argument in support of this assignment of error merely refers back to the argument offered in support of the third assignment of error. It is rejected for the same reason.
The fourth assignment of error is overruled.
 Conclusion
Having overruled each assignment of error presented, the judgment from which the appeal is taken will be affirmed.
 __________ GRADY, J.
WOLFF, P.J. and YOUNG, J., concur.